IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| **In re:** } | } **CHAPTER 13** |
| **JOHN DANTE VARA and** } | } |
| **DONNA CHRISTINE VARA,** } | } **CASE NO. 11-21661-reb** |
| Debtors. } | } |
| } | } |
| **JOHN DANTE VARA,** } | } |
| } | } |
| Plaintiff, } | } |
| } | } **ADVERSARY PROCEEDING** |
| v. } | } |
| } | } **FILE NO. _____** |
| **VICTORIA LEE VARA and** } | } |
| **HENRY DANTE VARA,** } | } |
| } | } |
| Defendants. } | } |

## COMPLAINT

COMES NOW, John Dante Vara, named as Plaintiff herein, by and through the undersigned, and brings this, his Complaint, as follows:

**Jurisdiction and Venue**

1.

This is a core proceeding as defined by 28 USC §157.

2.

This Court properly has subject matter jurisdiction over the matter set forth in this complaint, particularly as it pertains to the bankruptcy case.

3.

Venue is proper before this Court inasmuch as Debtor is a resident of Forsyth County, Georgia.

4.

Defendant Victoria Lee Vara may be served via first class mail upon her attorney in the pending action in Forsyth County, Georgia, to wit: B. Wayne Phillips. Esq., 615 Roswell St Ne Ste 130, Marietta, GA 30060.

5.

Defendant Henry Dante Vara may be served via first class mail upon his attorney in the pending action in Forsyth County, Georgia, to wit: B. Wayne Phillips. Esq., 615 Roswell St Ne Ste 130, Marietta, GA 30060.

6.

Additionally, Attorney John Pennington has filed an entry of appearance in the bankruptcy case on behalf of both defendants. Accordingly, they may be served by service upon the said counsel, to wit: P.O. Box 275, Helen, GA 30545.

**Facts Common To All Counts**

7.

Plaintiff hereby incorporates paragraphs 1 through 6 above by reference as if set forth wholly herein.

8.

Plaintiff and Defendants are siblings.

9.

The parties have historically purchased properties and businesses pursuant to a family

partnership agreement.

10.

The parties purchased properties in Forsyth, Glynn, Fulton and DeKalb counties.

11.

Plaintiff transferred 534 and 537 Ethel Street into the partnership arrangement with the Plaintiffs (Vara Family Partnership) with the understanding that Plaintiff would be reimbursed for his $35,000 down payment. Additionally, the Defendants were to transfer the Janes Lane and Northern Avenue properties into the partnership.

12.

The Defendants have never reimbursed Plaintiff for the $35,000 down payment nor have they distributed the proceeds from the sale of the Janes Lane and Northern Avenue properties.

13.

Plaintiff should receive 33 & 1/3 % of the Northern Avenue and Janes Lane properties proceeds.

14.

Plaintiff sold the 537 Ethel Street, Atlanta property. One hundred thousand dollars of the proceeds were invested in the 6th Street property with every partner's consent.

15.

Defendant, Victoria Lee Vara converted $50,000 of said proceeds for her personal use and benefit and has refused to account for same.

16.

Plaintiff discovered Defendant, Henry Dante Vara had put his daughters on the payroll at CAV Corporation for paying jobs that did not require any attendance at the office. The daughters had

previously been hourly employees then left for college. Defendant, Henry Dante Vara agreed that he had no authority or basis for paying salaries for no work and agreed to account for all money paid and reimburse CAV Corporation. Plaintiff has reason to believe that the amount wrongfully paid was approximately $80,000.

17.

Without consulting the Plaintiff, Defendants purchased interest in NewAmerica.com. Upon learning of such investment, Plaintiff advised Defendants that Plaintiff would not participate in the "investment". Based upon information and belief, the investment is at least $400,000. The parties agreed that Plaintiff would receive his one-third (1/3) of the investment when the parties sold the next parcel of real estate.

18.

Plaintiff has never received the said reimbursement.

19.

Defendant, Victoria Vara gifted Frank Leet a sum in excess of $20,000 from family enterprise funds to cover Frank Leet's back rent he owed the family enterprise. Frank Leet never repaid the partnership for the back rent. Defendants, Victoria Vara and Henry Vara have never reimbursed the family enterprise.

20.

As a result of the insistence of Defendants, CAV Corporation d/ba/ Backstreet employed Frank Leet to work there. Defendant opposed his retention. Backstreet was operated by the Plaintiffs. The liquor license was in the name of Vicoria Lee Vara.

21.

Backstreet was charged with selling drugs when Defendants exclusively operated the club.

22.

As a result of the charges Backstreet could not retain its liquor license and was forced to close.

23.

Backstreet was a profitable family enterprise. Plaintiff, thus, lost significant future revenue from the loss of Backstreet profits.

24.

As a result of the loss of the liquor license at Backstreet, Plaintiff cannot qualify to obtain a liquor license elsewhere and has been and will be denied the ability to engage in the club or restaurant business where alcohol is sold.   Plaintiff has been engaged in the club and restaurant business virtually all of his life.

25.

Defendants, without the knowledge and consent of Plaintiff paid a real estate broker $50,000 for a contract to purchase a property on 1045 W. Marietta Street.

26.

Based upon information and belief, Defendants retained $150,000 of partnership funds and gave same to McCrays, Inc., a tenant of the parties, although tenant was in default of its lease.

27.

Plaintiff later determined that Defendant Henry Dante Vara was a partner in McCrays restaurant. Plaintiff demanded reimbursement. Defendants refused such demand.

28.

Defendants sold property on Northern Avenue and refused to give Plaintiff an accounting or to distribute Plaintiff's share.

29.

Defendants sold the Janes Lane property and refused to give an accounting or to distribute to Plaintiff his share of the proceeds.

30.

Defendants divided funds remaining in VFR Corporation, RCV Corporation and CAV Corporation, but did not distribute any to Plaintiff.

31.

The assets from RCV Corporation and CAV Corporation were sold. Based upon information and belief, Defendant Henry Dante Vara has retained all funds and remaining inventory.

32.

Defendants have failed to account for income received by them from the Heard Road, Cumming, Georgia property.

33.

During 2006 the parties participated in mediation. The parties reached an agreement by which the parties were to give a complete accounting to one another.

34.

Defendants have never accounted for numerous financial transactions involving family enterprise properties and businesses. Defendants have also refused to sell Heard Road and Fields Drive, Cumming, Georgia and have even refused to discuss such properties.

### First Cause of Action: Breach of Contract

35.

Plaintiff hereby incorporates paragraphs 1 through 34 above by reference as if set forth wholly herein.

36.

Plaintiff and Defendants herein entered into a partnership relationship with respect to various enterprises and property. Except in the instance of specific down payments and out of pocket expenses, the parties agreed to divide net profits equally among them.

37.

Defendants have breached the contracts in the following ways:

a) refusal to reimburse the Plaintiff $35,000 for his down payment with regard to 534 and 537 Ethel Street, Atlanta, Georgia;

b) Defendants failed to transfer the Janes Lane property and Northern Avenue property into the family partnership.

c) Defendants failed to distribute one-third (1/3) of the net proceeds of the Janes Lane property and Northern Avenue property or value of said properties;

d) Defendant Victoria Lee Vara has breached her contract with the Plaintiff for failing to account and pay $50,000 of proceeds from the sale of 537 Ethel Street, Atlanta, Georgia to the partnership and thereby one-third (1/3) of said amount to the Defendant;

e) Defendant Henry Dante Vara has failed to repay the partnership at least $80,000 for not reimbursing CAV Corporation for a phantom employment of his daughters by CAV Corp.;

i) Defendants breached the contract with the Plaintiff by failing to pay the Plaintiff one-third of the more than $400,000, which they invested in NewAmerica.com;

g) Defendants failed to reimburse the partnership and thereby one-third (1/3) of $20,000 for the transfer involving Frank Leet;

h) Defendants breached the contract by paying a real estate broker $50,000 for a contract to purchase property on 1045 W. Marietta Street;

i) Defendants breached the contract by paying $150,000 of partnership funds to McCrays, Inc., which the properties had no obligation to pay;

j) Defendants breached the contract with the Plaintiff by failing and refusing to account and distribute Plaintiff's share of the Northern Avenue property;

k) Defendants breached the contract with the Plaintiff by refusing to give an accounting and distribute Defendant his share of the proceeds for the sale of the James Lane property;

l) Defendants breached the contract with the Plaintiff by dividing funds remaining in VFR Corporation and CAV Corporation and not distributing Plaintiff his one-third share;

m) Defendants breached the contract with the Plaintiff by failing to disburse one-third of the asset sale proceeds of RCV Corporation;

n) Defendants breached the contract with the Plaintiff by failing to agree to sell the Heard Road and Fields Drive, Cumming, Georgia properties;

o) Defendants breached the contract with the Plaintiff by failing to account for financial transactions they engaged in with CAV Corporation, RCV Corporation, VFR Corporation, the James Lane and Northern Avenue properties, as well as an accounting for monies paid by Henry Dante Vara as salary to his daughters;

p) Defendants breached the partnership agreement by losing the ability to obtain a liquor license at the Backstreet nightclub.

38.

As a result of the intentional breaches on the part of the Defendants, both individually and jointly Plaintiff has been damaged in the amount to be determined by a trier of fact.

WHEREFORE, Defendant (Plaintiff in Counterclaim) prays as to Count I:

a) That Defendant be awarded a judgment against the Plaintiffs jointly and individually in an amount to be determined by a trier of fact;

b) For such other relief as this Court may deem proper in the premises.

### Second Cause of Action: Stubbornly Litigiousness

39.

Plaintiff hereby incorporates paragraphs 1 through 38 above by reference as if set forth wholly herein.

40.

Plaintiff has incurred significant attorney's fees and will incur attorney's fees and costs as a result of Defendant' actions and having to respond to the lawsuit brought by Defendants in the Forsyth County, Georgia court, which Defendants have brought in bad faith. Plaintiff is entitled to recover his attorney's fees and costs.

41.

Defendants have acted bad faith, have been stubborn litigious, and have caused Plaintiff unnecessary trouble and expense. Plaintiff is entitled to attorney's fees and costs pursuant to O.C.G.A.§ 13-6-11.

WHEREFORE, Plaintiff prays as to Count II:

a) That Plaintiff be awarded a judgment for attorney's fees and costs, which he has incurred or shall incur in these proceedings;

b) For such other relief as this Court may deem proper in the premises.

### Third Cause of Action: Demand for an accounting

42.

Plaintiff hereby incorporates paragraphs 1 through 41 above by reference as if set forth wholly herein.

43.

As a result of the aforementioned actions depicted in these claims Defendants have breached their fiduciary duties to the Plaintiff by failing to (i) account for all funds received in the above-enumerated transactions and any transactions in which they have entered into without making such transaction known to the Plaintiff; and (ii) distribute the Plaintiff his respective shares of the net proceeds for said transactions.

44.

The Defendant is without a remedy at law to obtain such remedy.

WHEREFORE, Plaintiff prays as to Count III:

a) That the Court order an accounting of all transactions between or among the parties relating to family enterprises;

b) For such other relief as this Court may deem proper in the premises.

### Fourth Cause of Action: Negligence

45.

Defendant reiterates verbatim the allegations contained in paragraphs 1-44 of his Complaint.

46.

As a result of the actions of the Defendants, which resulted in criminal charges being brought for drug transactions occurring at Backstreet, run by the Defendants, the liquor license for Backstreet was not granted to the family enterprise.

47.

In addition thereto, because of Plaintiff's partial ownership in Backstreet, although he was not involved in the day to day operations of Backstreet, Plaintiff shall henceforth be denied a liquor license for any business in which Plaintiff has an equity interest.

48.

Defendants failed to act as reasonable club owners under similar circumstances.

49.

The Defendants failure to properly oversee the operation of Backstreet and to stop the sale of drugs at Backstreet was negligence.

50.

Defendants, as partners of Plaintiff, owed a duty to conduct partnership business in conformance with the laws of the State of Georgia, County of Fulton and City of Atlanta.

51.

Plaintiff has been damaged by Defendants' negligence, which negligence is the proximate cause of Plaintiff being denied a liquor license for future businesses in which he may have an interest.

WHEREFORE, Plaintiff prays as to County IV:

a) That Plaintiff be awarded a judgment in damages against the Defendants for his share of revenues that would have been earned had Backstreet not lost its liquor license;

b) That Plaintiff be awarded a judgment in damages against the Defendants because of Plaintiff's inability to obtain a liquor license in the future and engage in an industry in which he has historically worked;

c) For such other relief as this Court may deem proper in the premises.

## Fifth Cause of Action: Conversion

52.

Plaintiff hereby incorporates paragraphs 1 through 51 above by reference as if set forth wholly herein.

53.

Defendants have intentionally converted income and sales proceeds from the family enterprise properties to Defendants' own use.

54.

Defendants are liable for punitive damages.

55.

Plaintiff is entitled to recover punitive damages from Defendants for Defendants' intentional conversion of income and sales proceeds from the family enterprise properties.

56.

Plaintiff is entitled to recover attorney's fees and costs of litigation from Defendants for Defendants' intentional conversion of income and sales proceeds from the family enterprise properties.

WHEREFORE, Plaintiff prays as to Count V:

   a) That Plaintiff have judgment against Defendants for punitive damages as a result of Defendants' intentional conversion of income and sales proceeds from the family enterprise properties;

   b) That Plaintiff be awarded a judgment against the Defendants for his attorneys fees and costs; and

   c) For such other relief as this Court may deem proper in the premises.

WHEREFORE, as to this Complaint in its entirety, Plaintiff prays for relief in the following manner:

   a) That summons and process be issued as provided by law;

   b) That Plaintiff have the relief sought as to all counts; and

   c) That Plaintiff be granted such other and further relief as the Court deems to be just, equitable and proper.


Dated:      June 8, 2011                          By:             /s/
                                                       David E. Galler
                                                       Attorney for Debtor(s)
                                                       Georgia Bar No. 283015

THE GALLER LAW FIRM, LLC
5901-A Peachtree Dunwoody Road
Suite 525
Sandy Springs, GA 30328
770-671-8830 (voice)
404-549-4330 (facsimile)
david@gallerlaw.com